UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAZBIR SINGH,
 *an infant under the age of eighteen, by his father*
 *and natural guardian, Amarjit Singh,*
TEZBIR SINGH,
 *an infant under the age of eighteen, by his father*
 *and natural guardian, Amarjit Singh,*
AMARJIT SINGH,              **ORDER**
 *individually,*               20-CV-146-ERK-SJB

          Plaintiffs,

  -against-

SACHEM CENTRAL SCHOOL DISTRICT,
PATRICIA TROMBETTA,
COLLEEN FLANAGAN,
SUFFOLK COUNTY POLICE DEPARTMENT,
ST. CATHERINE OF SIENA MEDICAL CENTER,
JOHN DOES NUMBER 1-15,
         Defendants.
----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

  Plaintiffs have moved to reopen discovery to submit a "corrected" Rule 26 expert disclosure, namely the expert report of Dr. Drew Barzman. (Pls.' Mot. for Extension of Time to Complete Discovery dated Oct. 10, 2022 ("Pls.' Mot."), Dkt. No. 54). The motion is denied.

  "Federal Rule of Civil Procedure 16(b) allows for a court-ordered discovery schedule to be modified for good cause and with the judge's consent." *Forte v. City of New York*, No. 16-CV-560, 2021 WL 878559, at *2 (S.D.N.Y. Mar. 8, 2021). "[A] finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Some courts have analyzed certain factors to determine whether discovery reopening is appropriate, including: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party

would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Jacobs v. N.Y.C. Dep't of Educ.*, 2015 WL 7568642, at *3–*4 (E.D.N.Y. Nov. 24, 2015). These factors are not "mandatory," *Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics, Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020), and indeed, several do not relate to the moving party's diligence, which is the indisputable core of the good cause inquiry. The Court will, therefore, focus its inquiry there. *See also Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) ("A party seeking to reopen expert discovery must show that the tardy submission of its desired expert report was not caused by the party's own lack of diligence.").

At issue here is the expert discovery deadline. A party "must make" expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If the expert witness "is one retained or specially employed to provide expert testimony in the case," then the expert's disclosure "must be accompanied by a written report." *Id.* 26(a)(2)(B). Among other things, that report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* 26(a)(2)(B)(i).

The Court held an initial conference on March 24, 2020. (Min. Entry & Order dated Mar. 24, 2020). A Rule 16 scheduling order was entered, setting a fact discovery deadline of October 16, 2020, and the close of all discovery as January 29, 2021. (*Id.*). Expert discovery was to be conducted in-between. Those deadlines were extended to

February 26 and March 31, 2021, respectively, in an order entered on December 8, 2020. (Order dated Dec. 8, 2020).

On February 24, 2021, the Court held a status conference with the parties, where much of the discussion centered around expert discovery. (*See* Min. Entry & Order dated Feb. 24, 2021). At the conference, the parties indicated they needed more time to conduct expert discovery. (Tr. dated Feb. 24, 2021 ("Feb. 24 Tr."), Dkt. No. 61, at 5:9–18 (O'Connor, J.); *id*. at 6:4–12 (Lockwood, S.)). The Court set a deadline for a short summary expert disclosure—"I'm going to set a [Rule] 26(a)(2)(A) disclosure deadline where you say the name of the expert and the broad topics on which they will testify even if you don't know the precise opinions that they might be giving[.]" (*Id*. at 8:12–16). The plain import was that expert reports were to follow, served as separate disclosures following this initial identification of each expert's name and area of testimony. Plaintiffs' counsel agreed with this approach. (*Id*. at 8:22–23 (Lockwood, S.)). The deadline for these initial disclosures was set as March 26, with the names of any rebuttal experts due a month later, on April 26, 2021. (Min. Entry & Order dated Feb. 24, 2021).

Yet Plaintiffs' counsel failed to comply, forcing Defendants to compel this initial disclosure. (Mot. to Compel dated Feb. 27, 2021, Dkt. No. 36). The Court granted the motion, reaffirming that expert reports were necessary and were to be separately provided from the initial expert disclosures:

> Defendants have moved to compel Plaintiffs to provide their Rule 26(a)(2)(A) expert disclosure--something that the Court previously ordered on February 24, 2021. The motion to compel . . . is granted. Plaintiffs' refusal to provide the expert disclosure is meritless. The only arguments they muster is that the expert needs "requested materials" to determine a baseline for its expert analysis. However, the expert disclosure at this point is not the full expert report or analysis, but the general areas in which the

3

expert is anticipated to opine. Plaintiffs must provide this disclosure by 5/12/2021. Failure to do so will result in an order barring the expert from testifying.

(Order dated May 5, 2021).

On May 11, 2021, Plaintiffs' counsel served an expert disclosure for Dr. Alan Ravitz (the "May 2021 Disclosure") consisting of a two-page summary and a curriculum vitae. (School Defs.' Mem. of Law in Opp'n to Pls.' Mot. dated Nov. 11, 2022 ("School Defs.' Mem. of Law"), Dkt. No. 60, at 2; Pls.' Initial General Expert Disclosure Under FRCP 26(a)(2)(A) dated May 11, 2021, attached as Ex. A to Decl. of Leo Dorfman dated Nov. 11, 2022, Dkt. No. 59).

The Court held another status conference a month later on June 11, 2021. (*See* Min. Entry & Order dated June 11, 2021). Again, expert discovery was a focus. The parties noted that initial expert disclosures had been made, though Plaintiffs' counsel indicated to opposing counsel "he might need to switch up his expert, but . . . the new expert would be testifying to essentially the same thing as his old expert." (Tr. dated June 11, 2021 ("June 11 Tr."), Dkt. No. 62, at 8:12–15 (Dorfman, L.)). Defendants' counsel asked for a deadline for the submission of expert reports. (*Id.* at 8:16–17 (Dorfman, L.) ("[M]aybe some kind of mid- or end of September date for expert reports might make sense.")). The Court directed the parties to submit a proposal for expert report deadlines by June 25, 2021, (Min. Entry & Order dated June 11, 2021); neither side did so. But the Court set the outside date for the completion of all expert discovery as November 30, 2021. (*Id.*). Until now, no party sought an extension of the expert discovery deadline.

On November 29, 2021—a day before the expert discovery deadline expired—Plaintiffs' counsel served a disclosure for Dr. Barzman (the "November 2021

4

Disclosure"). (School Defs.' Mem. of Law at 3). It again consisted of a two-page summary followed by a curriculum vitae. (Pls.' Initial General Expert Disclosure Under FRCP 26(a)(2)(A) dated Nov. 29, 2021, attached as Ex. A to Decl. of Scott Lockwood dated Oct. 9, 2022 ("Lockwood Decl."), Dkt. No. 54).

The summary is identical to the May 2021 Disclosure, except for the date and substitution of Dr. Barzman's name and qualifications for Dr. Ravitz. The November 2021 Disclosure contains no expert report. On October 9, 2022, Plaintiffs served a new disclosure for Dr. Barzman (the "October 2022 Disclosure"), consisting of a two-page summary followed by a twelve-page expert report and a curriculum vitae. (Pls.' Expert Disclosure Under FRCP 26(a)(2)(A) dated Oct. 9, 2022, attached as Ex. B. to Lockwood Decl., Dkt. No. 54).

Plaintiffs' motion presents counsel's failure to serve Dr. Barzman's report until October 2022 as an oversight, mistake—the sending of a "draft," instead of a final, report—or correction of an error. (Lockwood Decl. ¶ 3 ("Plaintiffs have inadvertently failed to comply with expert disclosure in this matter. . . . Due to a miscommunication within this office and with the Plaintiff's proposed expert, the report of Dr. Drew Barzman was not timely prepared, and the expert notice which was sent out was a draft notice.")). Plaintiffs' motion is, at a minimum, misleading, and has zero merit.

The suggestion of a "corrected" disclosure is a canard. Plaintiffs are not proffering a corrected disclosure, but an entirely new expert report. A "corrected" disclosure would fix an inadvertent mistake, like the use of a draft report, instead of a final one. But Plaintiffs are offering an expert report where none existed before—a brand new twelve-page single-spaced document that was not even prepared until October 2022, a few days before the present motion was filed. All that was ever

5

disclosed by Plaintiffs was a short two-page high-level summary of the expert's opinions along with a CV (which itself was due many months before). There was no expert report—draft or otherwise—appended to the November 2021 Disclosure. Plaintiffs' counsel admits that as of November 2021, the report "had not yet been prepared" and he only contacted Dr. Barzman to prepare a report sometime in September 2022. (Lockwood Decl. ¶¶ 4–6 ("It was after reviewing Dr. Abbott's response and in preparation for the response to St. Catherine's summary judgment motion that the undersigned realized *the report had not been prepared* and the draft expert disclosure had gone out to the defendants. Upon realizing this, Dr. Barzman was contacted immediately and he prepared a report expeditiously." (emphasis added))). To suggest that the November 2021 Disclosure was a "draft" is equally misleading. There was nothing "draft"-like about what was disclosed on November 29, 2021—it contained no expert report. The November 2021 Disclosure contained no draft report and no indication that a full expert report would be forthcoming or that a draft was being provided. There is no evidence that an expert report was even in draft form in November 2021. Thus, Plaintiffs had not prepared an expert report—required by Rule 26(a)(2)(B)—until almost a year after the expert discovery deadline had passed.

It would be an excuse—though not a particularly persuasive one—if there had been no discussion about expert reports, and Plaintiffs believed that all that was required was a high-level disclosure, and not a report. Rule 26, of course, would preclude such misapprehension. Fed. R. Civ. P. 26(a)(2)(B). And so would the procedural history of the case. Expert reports were discussed at length at status conferences; and the distinction between the high-level disclosure and expert reports was patent, since there was a separate deadline and requirement for the former, which

Plaintiffs were forced to comply with by Court order. (Min. Entry & Order dated Feb. 24, 2021; Order dated May 5, 2021). No attorney could have been under the impression that the November 2021 Disclosure was sufficient, because it was filed on November 29, a day before all expert discovery was to be completed. In other words, given what had been discussed in the case, an attorney, on the eve of the expert discovery deadline, would have appreciated that a full report was to be submitted on that day, and a high-level summary was insufficient. But there is no evidence Plaintiffs' counsel made any steps to comply with that requirement on November 29th or before. Counsel had no report to submit because his expert had not prepared one. Perhaps the change in experts would have been good cause to extend the expert deadline and grant more time for a report. But no such extension was sought then.

To only ask Dr. Barzman for a report after the deadline had passed—in September 2022, almost a year later, with no actual evidence of a draft in progress or intent to supply the expert report by the original deadline—suggests that counsel made the November 2021 Disclosure with no intention of providing an expert report by the deadline. And that is quite the opposite of diligence; it is sandbagging.

There is, as one would expect, a cost to such gamesmanship with an adversary. Defendants have already served a motion for summary judgment, which was due on June 23, 2022. (Order dated June 15, 2022). Permitting this expert report would require Defendants to depose Dr. Barzman, have their own experts consult on these new opinions, and rewrite their summary judgment motion. Offering to pay the cost of an expedited deposition transcript—as Plaintiffs do, (Lockwood Decl. ¶ 7)—is hardly sufficient compensation for the expert and attorney fees that Defendants would have to incur from the discovery reopening. Nor is it an answer that expert discovery can just be

7

reopened to accommodate this very belated report. "Late disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen or to extend discovery. If that were the determining factor, no court could preclude expert or other testimony that was unseasonably disclosed contrary to the discovery deadline dates set by the Court." *Hard Surface Sols., Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 617 (N.D. Ill. 2010). "While a continuance is always theoretically possible, the closure of discovery weighs against a continuance." *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 76 (E.D.N.Y. 2012).

The explanation that Plaintiffs' counsel only recently realized—when opposing Defendants' motion for summary judgment—that a report had not been submitted does not assist the motion. For one thing, with Defendants having already briefed the motion, for Plaintiffs to provide a new expert report to avoid summary judgment demonstrates the immense prejudice from discovery reopening. *Cf. Irish v. Tropical Emerald LLC*, No. 18-CV-82, 2021 WL 1827115, at *5 (E.D.N.Y. May 6, 2021) ("Their belated production prejudiced Plaintiff, who had prosecuted the entire case based on the understanding that there was no document prepared by a fact witness that contained economic analyses."); *Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, No. 16-CV-1267, 2018 WL 3407709, at *3 (S.D.N.Y. Jan. 12, 2018) ("Defendant argues that highly probative evidence produced eight months after the close of fact discovery and two months after the exchange of Local Rule 56.1 Statements should be stricken because it deprives Defendant of the ability to investigate or rebut the evidence. The Court agrees. The late production prevents Defendant from inquiring at a deposition or otherwise investigating the evidence." (citation omitted)). And the timing demonstrates the lack of diligence, rather than excusing it. The summary judgment motion was

served on Plaintiffs' counsel in mid-June. (Def. St. Catherine's Mem. of Law in Opp'n to Pls.' Mot. dated Nov. 2, 2022, Dkt. No. 57, at 5). If Plaintiffs indeed needed an expert report to oppose summary judgment, they should have come to that realization well before late September, which is when they first reached out to Dr. Barzman to prepare a report. Apparently, nothing was done in the more than ninety days after they received the summary judgment motion.[1]

It is likewise unpersuasive for Plaintiffs to blame Defendants for their late report. Plaintiffs claim that Defendants' delay in providing school records led to the delay in production of an expert report. (Lockwood Decl. ¶ 4; Pls.' Mem. of Law dated Oct. 9, 2022, Dkt. No. 54, at 3). This excuse is at odds with the other explanation counsel offers: that the delay was because of a "draft" being inadvertently submitted instead of a final back in November 2021. The conflicting explanations suggest that neither is true, and these are just post hoc justifications for not preparing the required expert report in the first place. In any event, Plaintiffs never say when Defendants produced the school records, and certainly do not say they were produced after November 2021, when discovery closed. (If they produced the records late, then the proper practice would have been to move to extend the expert discovery deadline then, but as noted, such relief was not sought until almost a year later). [2]

---

[1] Perhaps tellingly, counsel does not identify how Dr. Barzman's opinions could assist in defeating summary judgment.

[2] Dr. Barzman's report barely mentions the school records, citing them for Plaintiffs' grades, (Report of Dr. Drew Barzman dated Oct. 2, 2022, attached as Ex. B. to Lockwood Decl., Dkt. No. 54, at 9), and whether they had been good students. (*Id.* at 3, 9). The report focuses almost exclusively on medical records and deposition testimony instead. The school records are hardly pivotal or necessary to his opinions.

9

Because of the failure to demonstrate diligence in completing expert discovery by the November 2021 deadline, Plaintiffs have failed to demonstrate the good cause necessary to reopen discovery and extend deadlines—particularly since almost a year has passed since the close of discovery, and summary judgment briefing has long been underway. The motion is denied.[3] *See, e.g.*, *Naples v. Stefanelli*, No. 12-CV-4460, 2020 WL 5708717, at *2 (E.D.N.Y. Sept. 24, 2020) ("Plaintiffs' request to reopen discovery . . . is now untimely. Discovery closed in December 2019, and the parties are in the process of briefing summary judgment motions. Reopening discovery at this late juncture would be prejudicial to Defendants[.]"); *Paulus v. Holimont, Inc.*, 315 F.R.D. 13, 16 (W.D.N.Y. 2016) ("Plaintiffs have failed to demonstrate good cause. The record reflects that the late disclosure of Mr. Puckett is due to a lack of diligence on the part of Plaintiffs, and nothing more. As a result, good cause to amend the scheduling order is lacking under these circumstances.").

---

[3] Defendants have not cross-moved to preclude Dr. Barzman from testifying at trial for a failure to serve an expert report as required by Rule 26(a)(2)(B). Therefore, the Court need not at this time go through the separate, but closely related, analysis of whether to preclude Dr. Barzman's testimony entirely. In reviewing whether a district court's Rule 37 sanction is appropriate, the Court of Appeals considers "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alterations in original) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). It ultimately would be for Judge Korman to determine whether at trial, an expert's failure to provide a report would preclude his testimony or whether the testimony could nonetheless proceed under Rule 26(a)(2)(C) ("Witnesses Who Do Not Provide a Written Report."). But, let there be no doubt, Plaintiffs failed to comply with their discovery obligations and Rule 26's requirement that a retained expert provide a report. And, to boot, the initial disclosure of Dr. Barzman was done months after the deadline for initial expert disclosures had passed in May 2021. That alone may lead to his testimony's preclusion at trial.

SO ORDERED.

*Sanket J. Bulsara*  November 30, 2022
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York